UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT R. FRANSKOUSKY,

    Plaintiff,

v.                                                                    Case No. 3:14-cv-878-J-32JRK

MORGAN STANLEY SMITH BARNEY
LLC and MORGAN STANLEY SMITH
BARNEY FA NOTES HOLDINGS
LLC,

    Defendants.

## ORDER CONFIRMING ARBITRATION AWARD

This case is before the Court after briefing and a hearing on four motions (five, if one counts the initial petition) that more or less say the same thing: Plaintiff Robert R. Franskousky thinks the FINRA arbitration award against him in the amount of $189,074.28 plus interest, fees, and costs should be vacated; Defendants Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC (collectively, "Morgan Stanley") think the award should be confirmed. Upon review of the various filings and after oral argument, the Court is now fully advised and rules as follows.

**I.   BACKGROUND**

Morgan Stanley initiated arbitration before the Financial Industry Regulatory Authority ("FINRA") in May 2011,[1] claiming Franskousky failed to pay on two

---

[1] Morgan Stanley Smith Barney LLC actually initiated the arbitration, and

promissory notes. (Doc. 4-2.) Franskousky, a former Morgan Stanley employee, denied the allegations, asserted certain defenses to the claims, and filed his own counterclaim for breach of contract, unpaid wages/civil theft, negligence, fraud and fraudulent inducement, and violation of Florida's Whistleblower Act, Fla. Stat. § 448.102. (Doc. 4-3.) The arbitration proceeded to evidentiary hearing in Jacksonville, Florida on May 13 and 14, 2014. The three-member arbitration panel issued an award on June 16, 2014, finding in favor of Morgan Stanley and denying Franskousky's counterclaim with prejudice. (Doc. 1-2 at 4.) In the award, the arbitrators confirmed "that they have each read the pleadings and other materials filed by the parties" and "consider[ed] the pleadings, the testimony and evidence presented at the hearing and the post-hearing submissions (if any)" in reaching their "full and final resolution of the issues submitted for determination . . . ." (Id. at 3-4.) But in their recitation in the award of "OTHER ISSUES CONSIDERED AND DECIDED," the arbitrators stated that, "[d]uring the evidentiary hearing, [Franskousky] withdrew his [counterclaims] based on breach of contract, unpaid wages/civil theft, negligence and fraud." (Id. at 4.) Morgan Stanley and Franskousky agree that this statement was in error.

On June 26, 2014, Morgan Stanley moved pursuant to FINRA Rule 13905(a)(2) to correct the arbitration award to reflect that Franskousky had not withdrawn the four counterclaims identified in the award, but only his whistleblower claim. (Doc. 4-4.) Later that day, Morgan Stanley also asked the arbitrators to correct the award

---

Morgan Stanley Smith Barney FA Notes Holdings LLC was later joined as a claimant by stipulation. (Doc. 1-2 at 4.)

2

pursuant to the Florida Arbitration Code in the event they concluded that correction under FINRA Rule 13905(a)(2) was inappropriate or unauthorized. (Id.) Franskousky did not file any opposition to either motion. (Doc. 1-4 at 2.) The FINRA Director accepted Morgan Stanley's motion to correct (id. at 1), and on July 15, 2014, the arbitrators granted it. (Id.) The arbitrators issued an amended award on August 7, 2014. (Doc. 4-1.) The amended award replaced the incorrect language with the statement: "During the evidentiary hearing, Respondent withdrew his claims based on violation of Florida Statutes §448.102(3), the 'Whistle-blower's Act.'"[2] (Id. at 4.) No one disputes that this statement is correct.

Meanwhile, on June 26, 2014, the same day Morgan Stanley filed its motion to correct with the FINRA Director, Franskousky filed his initial petition to vacate the award in Florida state court. (See Doc. 2.) Morgan Stanley removed the petition to this Court on July 25, 2014 (Doc. 1) and filed an opposition to the petition and a cross-motion to confirm the amended award on August 8, 2014, the day after the arbitrators issued the amended award (Docs. 4, 5). On September 15, 2014, Morgan Stanley filed an alternative motion to correct the initial award and then confirm it. (Doc. 13.) Franskousky eventually filed oppositions to both of Morgan Stanley's motions and his own motion to amend his petition to vacate to address the amended award. (Docs. 14, 15, 17.) Morgan Stanley filed an opposition to the motion to amend. (Doc. 16.) Before the Court could rule on the motion to amend, Franskousky filed a motion asking the

---

[2] The only other change evident in the amended award is the addition of a paragraph stating that the motion to correct had been filed, that Franskousky did not file a response, and that the panel granted the motion. (Id. at 4.)

Court to either construe the as-yet-unfiled amended petition to be a motion to vacate the award and his opposition to the motion to confirm as his memorandum in support, or grant him leave to file a motion to vacate. (Doc. 18.) Morgan Stanley opposed this motion, as well. (Doc. 19.) On December 15, 2014, the Court held a hearing on all pending motions, the record of which is incorporated herein. (See Doc. 22.)

## II.   STANDARD OF REVIEW

"Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act."[3] B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006) (citing 9 U.S.C. §§ 10-11), reversed on other grounds, Frazier v. CitiFinancial Corp., 604 F.3d 1313 (11th Cir. 2010). "The FAA presumes the confirmation of arbitration awards . . . and federal courts should defer to an arbitrator's decision whenever possible." Id. (citations omitted); see Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842 (11th Cir. 2011); AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 999 (11th Cir. 2007). Previously recognized non-statutory grounds for vacatur—such as, that the arbitration decision was arbitrary and capricious, violated public policy, or evidenced manifest disregard

---

[3] The parties variously cite to both the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, and the Florida Arbitration Code, Fla. Stat. §§ 682.01-25, as controlling, but seem to agree that the outcome of this case would be the same under either statutory scheme. (See, e.g., Doc. 4 at 5; Doc. 14 at 2; Doc. 15 at 7.) The Court will therefore review this case under the FAA, particularly since the Florida Arbitration Code could apply "only to the extent it is not in conflict with the FAA." Belz v. Morgan Stanley Smith Barney, LLC, No. 3:13-cv-636-J-34MCR, 2014 WL 897048, at *5 (M.D. Fla. Mar. 6, 2014) (citing Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 463-64 (Fla. 2011)). In any event, the relevant provisions of the FAA and the Florida Arbitration Code are substantially identical. Compare 9 U.S.C. §§ 9-11, with Fla. Stat. §§ 682.12-14.

4

for the law—are no longer viable. Frazier, 610 F.3d at 1321-24 (discussing Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008)). Instead, a court's authority to vacate an arbitration is limited to the four circumstances provided in the FAA:

>    (1) where the award was procured by corruption, fraud, or undue means;
>    (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>    (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); Frazier, 604 F.3d at 1321. An arbitrator need not state the reasons for his award. Robbins v. Day, 954 F.2d 679, 684 (11th Cir. 1992). A petitioner does not clear the "high hurdle" required to vacate an award by "show[ing] that the [arbitrator] committed an error—or even a serious error." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010); see Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2070-71 (2013). Rather, arbitration awards are presumed to be correct, and the burden to rebut this presumption is on the party requesting vacatur. Robbins, 954 F.2d at 684. Otherwise, the court must confirm the award. Hall Street Assocs., 552 U.S. at 587.

A court may correct or modify arbitration awards "so as to effect the intent thereof and promote justice between the parties" in three limited circumstances:

>    (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>    (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon

5

>   the matter submitted.
>       (c) Where the award is imperfect in matter of form not affecting the
>   merits of the controversy.

9 U.S.C. § 11; Frazier, 604 F.3d at 1321.

### III. ANALYSIS

Against this legal backdrop, the Court must decide whether Franskousky has met his heavy burden to justify vacating the arbitration award. For the reasons discussed below, the Court finds that he has not.

Across the many filings in this case, Franskousky's arguments in support of vacatur boil down to the following: the statement in the initial award that he had withdrawn four of his five counterclaims when he had actually withdrawn only one casts a shadow over the entirety of the arbitrators' deliberations, indicating that they failed to consider claims properly presented to them and thereby exceeded their authority. To the extent the arbitrators later issued an amended award correcting their mistake, Franskousky contends they did so in violation of FINRA rules, further exceeding their authority. In his view, both awards should therefore be vacated.[4]

Morgan Stanley's arguments in favor of confirming the amended award or correcting the initial award and in opposition to vacating either are even more basic: the arbitrators made a simple mistake by inadvertently flipping in the initial award which of Franskousky's counterclaims had been withdrawn and which had not. The

---

[4] Franskousky never specifies a provision of the FAA as the basis for his motion to vacate the amended award. (Doc. 14 at 10-11; Doc. 15-1, ¶¶ 17-21.) He does allege that the arbitrators were "without authority to enter the Amended FINRA Award" (Doc. 15-1, ¶ 21) which the Court interprets as reference to 9 U.S.C. § 10(a)(4).

6

arbitrators properly corrected their mistake in an amended award. To the extent the amended award might be considered legally ineffective, Morgan Stanley believes the Court is itself empowered to correct the mistake under 9 U.S.C. § 11(a) or (c) and should do so.

### A.     The Amended Award

The first question is which award is the operative award. Morgan Stanley's primary position is that the amended award superseded and replaced the initial award. (Doc. 4 at 2; Doc. 5 at 2.) The Court agrees and begins with the amended award.[5]

Franskousky contends that the arbitrators exceeded their authority in issuing the amended award because the amendment was a substantive change not permitted by the FINRA Rules, to which the parties agreed to be bound. (Doc. 14 at 6-7, 10-11.) Morgan Stanley counters that it was not a substantive change, that Franskousky never objected to the motion to correct in the arbitration, and that the FINRA Director and the arbitrators found the change was permitted by the FINRA Rules. (Doc. 16 at 5-7.)

FINRA Rule 13905 prohibits parties from submitting documents to the arbitrators after the case has been closed, except in certain circumstances. One such circumstance is "at the request of any party within 10 days of service of an award or

---

[5] Correspondingly, the Court will grant Franskousky leave to file his amended petition (Docs. 15-1 to 15-7) instanter and will construe it, together with his opposition to the motion to confirm (Doc. 14), as the operative motion to vacate and memorandum in support of vacating the amended award.

notice that a matter has been closed, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award." FINRA Rule 13905(a)(2). [6] Such requests are made to the FINRA Director, who then determines if they "comply with the grounds enumerated in the rule;" if they do, the Director forwards the materials to the arbitrators. Id. at (b). The arbitrators may still decline to consider requests forwarded to them, and requests not ruled on within ten days of them being forwarded are deemed considered and denied. Id. at (b), (c).

According to Franskousky, Morgan Stanley's motion to correct sought to do more than fix typos or "mistakes in the description of a person or property," but to affect the merits of the controversy by having the arbitrators change what issues they considered. (Doc. 14 at 7.) Franskousky argues that, by granting the motion, the arbitrators acted outside of the FINRA rules in excess of their authority. The Court disagrees.

First, as Franskousky notes, the parties agreed to be bound by the FINRA Rules. In doing so, they agreed that a party could request that the award be corrected under certain circumstances, that the FINRA Director would decide whether the request fell within those circumstances, and that the arbitrators would then decide whether to grant or deny the request to correct. See FINRA Rule 13905. Neither the FINRA Director nor the arbitrators exceeded their authority in following these procedures with respect to Morgan Stanley's request. If, as Franskousky suggests, the

---

[6] Franskousky attached FINRA Rule 13905 to his opposition to Morgan Stanley's motion to confirm and to his amended petition. (Docs. 14-5, 15-7.)

arbitrators were wrong in their understanding of the FINRA Rules, that would not be grounds for the Court to step in and interpret the FINRA Rules otherwise. See Frazier, 604 F.3d at 1323-24; also B.L. Harbert Int'l, LLC, 441 F.3d at 910 (noting that misinterpreting, misstating, or misapplying the law is not sufficient for vacatur, even under the no-longer-viable "manifest disregard of the law" standard); FINRA Rule 13413 ("The panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties.")

Second, the FINRA Rules also allow parties to respond to a request to correct the award. FINRA Rule 13905(b). Franskousky filed no response to Morgan Stanley's request. One could argue, with some support, that he therefore waived any right to now object that the arbitrators should not have granted the request under the FINRA Rules. Davis v. Producers Agric. Ins. Co., 762 F.3d 1276, 1287 (11th Cir. 2014) (citing Lodge No. 725, Int'l Assoc. of Machinists v. Mooney Aircraft, Inc., 410 F.2d 681, 683 (5th Cir. 1969)).

Third, and most directly, the Court agrees with Morgan Stanley that the amended award reflects the type of correction of a typographical error or a mistake permitted by the FINRA Rules, not a substantive change. Franskousky does not dispute that the four counterclaims incorrectly identified by the initial award as having been withdrawn were in fact argued and submitted to the arbitrators for review during the evidentiary hearing. The merits of these counterclaims were heard by the arbitrators. In filing its motions to correct, Morgan Stanley did not try to submit any

9

new evidence or argument that had not been presented during the arbitration hearing, or ask the arbitrators to rule on a new issue not offered for their consideration at the hearing. Instead, the arbitrators were merely asked to correct that part of the award that recited the history of the case so that it would conform to the claims and evidence presented to them. The Court concludes that the arbitrators were within their authority to do so. Franskousky's motion to vacate is therefore due to be denied, and the amended award confirmed.[7]

### B. The Initial Award

Even if the arbitrators exceeded their authority in issuing the amended award, the Court itself has the authority to correct the initial award to reflect the change the arbitrators made in the amended award. Section 11(c) of the FAA authorizes courts to correct arbitration awards that are "imperfect in matter of form not affecting the merits of the controversy. . . . so as to effect the intent [of the award] and promote justice between the parties." 9 U.S.C. § 11(c). "An award that is 'imperfect in matter of form,' as these terms suggest, is one that suffers from a scrivener's error or that otherwise does not deliver on the arbitrator's stated purpose in granting relief." Grain v. Trinity Health, Mercy Health Servs. Inc., 551 F.3d 374, 379 (6th Cir. 2008). Even if Franskousky were correct that the change reflected in the amended award was not made to address a typographical error or a mistake "in the description of any person or property referred to in the award," and so was improper under FINRA Rule

---

[7] The arbitrators potentially had the authority to correct their error even without FINRA Rule 13905. See In re Rollins, Inc., 552 F. Supp. 2d 1318, 1325 (M.D. Fla. 2004) reversed in part on other grounds, 167 F. App'x 798 (11th Cir. 2006).

10

13905(a)(2) (or the similar language of 9 U.S.C. § 11(a)), the Court finds that initial award should be corrected pursuant to § 11(c).

Pointing to nothing but the language of the initial award, Franskousky suggests that it is self-evident that the arbitrators did not consider all of his counterclaims. Morgan Stanley points to the arbitration hearing itself and to the amended award as evidence that the arbitrators simply inverted in the initial award which counterclaims had been withdrawn and which had not.

The Court finds that Franskousky has not met his burden of showing that the initial award should be vacated. Rather, since his counterclaims for breach of contract, unpaid wages/civil theft, negligence, and fraud were submitted to and heard by the arbitrators, correcting the initial award to address this straightforward imperfection is not a reassessment of the merits of the controversy; it merely gives effect to the arbitrator's intent and promotes justice.[8] 9 U.S.C. § 11. The Court therefore rejects Franskousky's arguments in support of vacating the initial award and concludes that, as an alternative to confirming the amended award, the initial FINRA award should be corrected to mirror the amended award and confirmed.

### C. Request for Sanctions

Morgan Stanley asks the Court to sanction Franskousky for filing his petition to vacate when he knew the initial FINRA award was simply mistaken and for then continuing to seek vacatur even after the arbitrators amended the award. (Doc. 4 at

---

[8] Further evidence that the arbitrators merely made a scrivener's error in the initial award is found in the amended award where the panel acknowledges its error. (Doc. 4-1 at 4.)

11

9-14.) Morgan Stanley looks primarily to the Eleventh Circuit's opinion in B.H. Harbert International, LLC to support its request. There, the court recognized that:

> Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions. A realistic threat of sanctions may discourage baseless litigation over arbitration awards and help fulfill the purposes of the pro-arbitration policy contained in the FAA. It is an idea worth considering.

B.L. Harbert Int'l, LLC, 441 F.3d at 913-14. The Eleventh Circuit also noted that courts impose sanctions on their own as long as the parties are given notice and an opportunity to be heard. Id. at 914. Here, Franskousky did not respond in writing to Morgan Stanley's request for sanctions, but he had the opportunity to respond at the December 15, 2014 hearing.

Franskousky filed his initial petition to vacate on the same day Morgan Stanley filed its motion to correct the award, so he could not know at the time that the award would be corrected. Once the arbitrators had ruled and amended the award, Franskousky contested in this Court their ability to do so. The Court has determined that Franskousky's arguments are without merit, but does not find them frivolous. Therefore, the Court declines to award Morgan Stanley its fees expended in this case as a sanction against Franskousky.[9]

Accordingly, it is hereby

**ORDERED**:

---

[9] Moreover, a request for affirmative relief, like sanctions, is not properly made when included only in a response to a motion. See Fed. R. Civ. P. 7(b).

1.     Plaintiff's Motion for Leave to File Amended Petition to Vacate (Doc. 15) and Motion for Leave to File a Motion to Vacate Arbitration Award or, in the Alternative, for Leave to Construe the Amended Petition to Vacate as a Motion to Vacate (Doc. 18) are **GRANTED** to the extent the Court deems the Amended Petition to Vacate (Docs. 15-1 to 15-7) filed <u>instanter</u> and construes it together with Franskousky's opposition to the motion to confirm (Doc. 14) to be the operative motion to vacate and memorandum in support. The Court correspondingly deems the August 7, 2014 Amended FINRA Award to be the operative arbitration award and deems all pleadings to be directed toward it.

2.     Franskousky's motion to vacate the Amended FINRA Award (Docs. 14, 15-1 to 15-7) is **DENIED**.

3.     Morgan Stanley's Cross Motion to Confirm [the Amended] Arbitration Award (Doc. 5) is **GRANTED**. Alternatively, Morgan Stanley's Alternative Motion to Modify and/or Correct Initial FINRA Award (Doc. 13) is **GRANTED** to the extent that the Initial FINRA Award is corrected so as to mirror the Amended FINRA Award.

4.     The August 7, 2014 Amended FINRA Award in favor of Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC and against Robert R. Franskousky is **CONFIRMED**.

5.     Morgan Stanley's request for sanctions contained in its Opposition to Plaintiff's Petition to Vacate Arbitration Award (Doc. 4) is **DENIED**.

6.     As contemplated by the Amended FINRA Award, Morgan Stanley shall file any motion for attorney's fees and costs on or before **January 19, 2015**. Before

doing so, however, Morgan Stanley shall confer with Franskousky in a good faith effort to reach an agreement on the appropriate amount and shall include in any motion for fees and costs the certification required by Local Rule 3.01(g). If the parties cannot agree, Franskousky shall file his response to the motion for attorney's fees and costs on or before **February 16, 2015**. The Court will withhold entry of judgment until resolution of the issue of attorney's fees and costs.

     7.    The Clerk of Court is directed to terminate any pending motions and all deadlines other than those set in paragraph 6 above.

     **DONE AND ORDERED** at Jacksonville, Florida this 17th day of December, 2014.

*[Signature]*
TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record